IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BETTY J. JACKSON
    Petitioner,
v.                                     Case No. 3:23-cv-4674/LC/MAL

WARDEN JOHN GABBY,
F.C.I. TALLAHASSEE

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Betty J. Jackson initiated this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 claiming her conviction is unlawful and she is entitled to sentencing credits under the First Step Act (FSA). ECF No. 2 at 3. This case is before me on Respondent's Answer in Opposition to § 2241 Petition. ECF No. 15. Jackson did not file a reply, despite having been afforded the opportunity to do so. After careful consideration of the record and relevant law, I recommend the § 2241 petition be dismissed. Jackson's first claim is not appropriately before this Court in a § 2241 petition and her second claim is both unexhausted and premature.

**I.**    **BACKGROUND**

Jackson was sentenced to a term of 120 months' imprisonment in this court after she entered a plea of guilty to a single count of conspiracy to commit malicious burning in violation of 18 U.S.C. §§ 844(n) and 844(f)(1). N.D. Fla. Case

3:20cr33/MCR, ECF No. 112. Jackson and a co-defendant conspired together and with others to attempt to damage and destroy, by means of fire, a vehicle that had been seized by the Okaloosa County Sheriff's Office. Case 3:20cr33/MCR, ECF Nos. 3, 38, 50. Jackson drove another co-conspirator to the impound lot where the co-conspirator broke into and removed drugs from the vehicle. The two later returned to the impound lot and the co-conspirator used an accelerant to set the car on fire. The court sentenced her to a term of 120 months' imprisonment, and the Eleventh Circuit affirmed on June 15, 2022. Case 3:20cr33/MCR, ECF Nos. 112, 177. In March of 2023, Jackson filed a motion for compassionate release, which the court denied on August 1, 2023, but she filed no other postconviction motions in her criminal case.

Jackson was incarcerated at the Federal Correctional Institution in Tallahassee, Florida when she filed her petition in this case. ECF No. 2 at 1. She correctly mailed her petition to the Tallahassee division of this court, the district and division of her confinement. *Id.* at 17. However, through administrative error, the clerk instead opened this case in the Pensacola division of this court, which is the district of Jackson's conviction. The Warden did not challenge jurisdiction or venue in his response. The Court notes Jackson has since been transferred to the Federal

Correctional Institution in Marianna, Florida,[1] although she has not filed a notice of change of address. *See* https://www.bop.gov/inmateloc//. Her projected release date, which was September 17, 2028, when the Warden filed his response, is now November 2, 2027. *Id.*; ECF No. 15 at 3.

## II.  DISCUSSION

In Jackson's petition, dated February 27, 2023, she presents two grounds for relief, one challenging her conviction and one challenging the BOP's failure to award sentencing credits. They will be discussed in turn.

### A. Ground One-Invalid Conviction

Jackson first appears to assert, citing a district court decision from the Eastern District of Arkansas, that both her conviction is invalid and her sentence is unlawful because her charge of conviction is no longer a violent offense. She indicates she did not file a motion to vacate under § 2255 because the time for doing so expired. ECF No. 2 at 3.

In the Warden's response, dated June 12, 2023, he notes Jackson is mistaken about the expiration of the statute of limitations for filing a § 2255 motion. ECF No. 15 at 2. Jackson did not file a petition for certiorari with the Supreme Court and she

---

[1] If a district court properly acquires jurisdiction when the case is filed, then the petitioner's subsequent removal to another judicial district does not destroy the court's jurisdiction. *Rumsfeld v. Padilla*, 542 U.S. 426, 440 (2004) (relying on *Ex parte Endo*, 323 U.S. 283, 306 (1944)).

thus had 90 days plus one year from the date of the Eleventh Circuit's judgment on appeal to file a § 2255 motion. *Clay v. United States*, 537 U.S. 522, 527-28 (2003). Therefore, she had until September 13, 2023, to file a post-conviction motion in her criminal case. Despite having been placed on notice that there was time remaining to file a § 2255 motion, she did not. Her failure to do so does not allow her to proceed under § 2241.

The continuation or execution of an initially valid confinement is generally the sole issue in a § 2241 action. *See Thomas v. Crosby*, 371 F.3d 782, 810 (11th Cir. 2004) (citing *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997)); *Broussard v. Lippman*, 643 F.2d 1131 (5th Cir. 1981); *United States v. Jordan,* 915 F.2d 622, 629 (11th Cir. 1990); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351–52 (11th Cir. 2008); *Bishop v. Reno*, 210 F.3d 1295, 1304 (11th Cir. 2000); *see also Chambers v. United States*, 106 F.3d 472, 474–75 (2nd Cir.1997) (noting that § 2241 allows challenges to the execution, rather than imposition of, a sentence and articulating instances where a federal prisoner may properly file a § 2241 petition). Title 28 U.S.C. § 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and type of detention. *See Thompson v. Choinski*, 525 F.3d 205, 209 (2nd Cir. 2008). A collateral attack on the validity of a federal conviction

and sentence, is more properly brought under 28 U.S.C. § 2255 in the district of conviction. *Antonelli*, 542 F.3d at 1351; *Jordan,* 915 F.2d at 629; *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hadjuk v. United States*, 764 F.2d 795 (11th Cir. 1985). The fact that Jackson filed her § 2241 petition in the district of conviction does not suffice.

Generally, "a federal prisoner seeking to challenge the legality of his conviction or sentence has two bites at the apple: one on direct appeal, and one via a § 2255 motion." *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1339 (11th Cir. 2013) (abrogated on other grounds). That is to say that § 2241 does not routinely provide yet another means of attack. However, § 2255 also contains a saving clause that allows a federal prisoner to challenge his conviction by filing a § 2241 habeas petition if it "appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). A prisoner seeking to use the saving clause bears the burden of showing that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." *Parson v. Warden*, 836 F. App'x 825 (11th Cir. 2020) (citing *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.,* 851 F.3d 1076, 1081 (11th Cir. 2017) (internal citation omitted)). There are three situations where a § 2255 motion is inadequate to address a petitioner's claims: (1) if the petitioner is challenging the execution of his

sentence; (2) if the sentencing court is unavailable or has been dissolved; and (3) if there are practical considerations, such as multiple sentencing courts, that prevent a petitioner from filing a motion to vacate. *McCarthan*, 851 F. 3d at 1092-93. None of these considerations applies here, and therefore Ground One should be dismissed.

Furthermore, even if Jackson could somehow challenge her conviction in this § 2241 petition, she would not succeed. As previously explained by the district judge in the order denying compassionate release, neither the Eastern District of Arkansas's opinion in *United States v. Lung'aho*, No. 4:20cr288-DPM, 2022 WL 10716767 (E.D. Ark. Oct. 18, 2022), nor the Eighth Circuit's opinion affirming, *United States v. Lung'aho*, 72 F. 4th 845 (8th Cir. 2023) has any bearing on Jackson's criminal case. Case 3:20cr33/MCR, ECF No. 189 at 4-6. The Arkansas district court dismissed three counts of the superseding indictment charging Lung'aho with possession of a destructive device in furtherance of a "crime of violence" in violation of 18 U.S.C. § 924(c) because arson was not a "crime of violence." On interlocutory appeal, the Eight Circuit held the federal crime of arson was not a crime of violence under the "force" or "elements" clause of the statute providing for enhanced penalties for use of a firearm, including a destructive device, in connection with a crime of violence in violation of 18 U.S.C. § 924(c)(1)(B)(ii).

Jackson's case does not involve 18 U.S.C. § 924(c). She was charged and convicted only with a violation of 18 U.S.C. §§ 844(n) and (f)(1).

### B. Ground Two—FSA Sentencing Credits

Jackson asserts in her second claim that she should be receiving FSA sentencing credits because her "charge is no longer valid and no longer violent." ECF No. 2 at 4. She claims the *Lung'aho* decision supports her position that she is FSA-eligible but the BOP still considers her ineligible. The Warden maintains this claim is subject to dismissal because Jackson did not exhaust her administrative remedies. ECF No. 15 at 7. He further asserts that even if Jackson's claim were properly exhausted, it is premature.

### A. Exhaustion is required before filing a § 2241 petition.

Prisoners are required to exhaust their administrative remedies before filing a § 2241 petition. *Santiago-Lugo v. Warden*, 785 F.3d 467, 471, 474-75 (11th Cir. 2015). Failure to exhaust is not a jurisdictional defect; rather, it is a defense that a respondent may assert, or choose to waive. *Id.* Respondent has asserted the defense in this case.

The BOP has the exclusive authority to compute sentence credit awards after sentencing. *Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995). As with other § 2241 claims, an inmate who wishes to challenge the BOP's sentencing credit

calculations "must typically exhaust his or her administrative remedies with the BOP" before filing a § 2241 petition. *Id*; *see also Jaimes v. United States*, 168 F. App'x 356, 358-59 (11th Cir. 2006) (affirming dismissal of § 2241 petition for failure to exhaust because inmate sought to challenge the computation of sentence credits without first going through the BOP's administrative remedy procedure); *see also Rey v. Warden, FCC Coleman-Low*, 359 F. App'x 88, 91 (11th Cir. 2009) (affirming denial of § 2241 challenging the BOP's calculation of credit for time served because petitioner failed to exhaust administrative remedies).

To properly exhaust administrative remedies, an inmate must comply with the prison's deadlines and procedural rules. *Blevins v. FCI Hazelton Warden,* 819 F. App'x 853, 856 (11th Cir. 2020); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To that end, the BOP has an administrative remedy procedure that allows an inmate to raise issues related to any aspect of imprisonment. 28 C.F.R. § 542.10 *et seq*. The BOP's administrative remedy procedure is a multi-tier system. *See* 28 C.F.R. §§ 542.10-542.19. Before seeking formal review, an inmate generally must first attempt to resolve the matter informally by presenting her complaint to staff on a form commonly referred to as a BP-8. 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, the inmate may then initiate the formal review process.

The full, formal BOP administrative remedy procedure has three steps. First,

the inmate must file a Request for Administrative Remedy, commonly referred to as a BP-9, with the warden of the facility. 28 C.F.R. § 542.14; *see also Forde v. Miami Fed. Dep't of Corr.*, 730 F. App'x 794, 798 (11th Cir. 2018) (citing Federal Bureau of Prisons Inmate Admission & Orientation Handbook at 41; 28 C.F.R. § 542.14(a)-542.15(a)). The deadline for completion of the BP-8 and submission of the BP-9 is twenty days from the date of the incident leading to the grievance, although an extension may be granted if the inmate demonstrates a valid reason for delay. *Id*. If the inmate is dissatisfied with the warden's response to the grievance, the inmate may appeal to the Regional Director by filing a Regional Administrative Remedy Appeal or BP-10. 28 C.F.R. § 542.15(a). This appeal must be filed within twenty days of the warden's response to the grievance. *Id*. Finally, if the inmate is dissatisfied with the Regional Director's response, the inmate may appeal to the BOP's Central Office by filing a Central Office Administrative Remedy Appeal, or BP-11. 28 C.F.R. § 542.15(a). This appeal must be filed within thirty days of the Regional Director's response. *Id*. The appeal to the Central Office is the final administrative level of appeal in the BOP. To fully exhaust, an inmate must properly complete each step of the BOP administrative remedy process. *Woodford v. Ngo*, 548 U.S. 81 (2006); *Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008) (citation omitted); *Blevins*, 819 F. App'x at 856. Significantly, if the inmate does not receive

a response within the time allotted for reply at any level, including extension, the inmate may consider the absence of a response to be a denial at that level. 28 C.F.R. § 542.18.

The BOP uses a computerized system known as SENTRY to log and track inmate grievances as they progress through the administrative remedy process. *See* ECF No. 15-2 at ¶ 3. Remedies filed at the institutional level are given an identifying number and the suffix "- F." *Id.* at ¶ 6. Appeals of an administrative remedy maintain the same identifying number but receive the suffix "-R" (for BP-10s filed at the Regional Office) or "-A" (for BP-11s filed with the Central Office.) *Id.* A numeral following the identifying letter indicates the number of times a remedy has been logged at a particular office.

The Warden has presented uncontroverted evidence, in the form of a Declaration signed by Keyshana Murphy, Secretary to the Associate Warden at FCI Tallahassee, that Jackson has not exhausted her administrative remedies. Ms. Murphy's declaration reflects she reviewed the SENTRY system and found Jackson had not filed any administrative remedies during her incarceration. ECF No. 15-2 at 3; ECF No. 16 at 1. Jackson herself acknowledges that she has not exhausted her administrative remedies. ECF No. 2 at 4. Because Jackson did not properly complete all levels of the BOP's administrative remedy process before filing for habeas relief

and the Warden has not waived the defense of exhaustion, the petition is subject to dismissal on that basis.

### B. Jackson's unexhausted claim is premature

As noted above, Jackson contends the BOP has improperly taken the position that she is not eligible for FSA credits. In fact, the Warden clarifies that the BOP has determined Jackson <u>will</u> be eligible to apply any earned FSA credits toward prerelease custody, but only when she has maintained a minimum or low recidivism risk through her last two risk and needs assessments. *See* BOP Program Statement 5410.01.

The record reflects Jackson successfully lowered her risk assessment level from high to medium during her incarceration. ECF No. 15-4 at 1. However, her risk assessment level as of June 11, 2023, remains at medium. *Id.* The BOP may apply earned FSA credits towards prerelease custody only when an eligible inmate has maintained a minimum or low recidivism risk through his or her last two risk and needs assessments. Prog. Statement 5410.01; First Step Act of 2018- Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4) at 14 (Nov. 18, 2022). Therefore, even if Jackson had exhausted her administrative remedies, no relief would be warranted on this claim.

Finally, if Jackson means to challenge the BOP's underlying determination that, at least as of June of 2023, her risk and needs assessment level was medium, she must exhaust her administrative remedies before proceeding with a habeas petition.

Accordingly, it is respectfully RECOMMENDED:

1. Jackson's petition under 28 U.S.C. § 2241 (ECF No. 2) be dismissed.

2. The clerk be directed to close the case file.

At Gainesville, Florida on February 28, 2024.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.